IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 16-00470 DKW/KJM |
| | ) | DISMISSAL ORDER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| EDMUND HYUN, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## **DISMISSAL ORDER**

Before the court is pro se prisoner Francis Grandinetti's latest pleading, titled "Federal Habeas Corpus, Complaint, and newer petition at law." Doc. No. 1. Grandinetti further titles the pleading, "Parole and Exile" Law, Illegal Custody and DPS Hearings, Exile Arrest, Injury-torts under PLRA 28 U.S.C. § 1915(g) clause." *Id.* He contends this is a multi-district litigation action under 28 U.S.C. §§ 1404-1407, and subtitles the document as, "Pro Se Petitioner's Federal Habeas Corpus Complaint and Petition at Law, Hawaii."[1] *Id.* Grandinetti names seven past and present members of the Hawaii Paroling Authority ("HPA"), the Director of the

---

[1] Grandinetti routinely labels his pleadings as both habeas and civil rights actions. *See e.g.*, *Grandinetti v. Matsuoka*, Civ. No. 16-00419 (D. Haw. 2016) (putative habeas corpus petition challenging denial of parole, dismissed as civil rights action). He apparently does this to avoid restrictions to his proceeding in forma pauperis under 28 U.S.C. § 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005) (recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties).

Hawaii Department of Public Safety, Nolan P. Espinda, Hawaii Governor David Y. Ige, the State of Hawaii, and "other agencies" as Defendants. He has neither paid the civil filing fee nor submitted an in forma pauperis application.

For the following reasons, the Court construes Grandinetti's pleading as a civil rights complaint brought pursuant to 42 U.S.C. § 1983, alleging a violation of the Due Process Clause during his recent parole consideration proceeding. For the following reasons, the Court DISMISSES the Complaint and action without prejudice.

## I. BACKGROUND

Grandinetti again challenges his April 28, 2016 parole consideration hearing, alleging that he was denied legal representation at the hearing. *See* Civ. No. 16-00419 LEK (challenging April 28, 2016 parole consideration hearing for alleged denial of counsel and other non-specific reasons). Grandinetti further challenges the HPA's denial of parole to him since 1994. Documents attached to the Complaint show that Grandinetti refused to attend the April 28, 2016 parole proceeding and refused to accept delivery of the HPA's letter explaining its decision to deny parole. Doc. No. 1-2, PageID #25, 26, 29. The HPA denied Grandinetti parole because it was "not convinced that [he] can substantially comply with the terms and conditions of parole. *Id.*, PageID #25.

A challenge to procedures used for consideration of parole is not within the "core of habeas corpus," because success in such an action will not necessarily lead to immediate or speedier release. *Nettles v. Grounds*, -- F.3d – , 2016 WL 3997255 *3 (9th Cir. 2016). Rather, success in this action can only result in Grandinetti being granted a new parole consideration hearing that complies with due process, not parole itself. That is, if Grandinetti chooses to appear at such hearing, he will be appointed counsel, but the HPA will still have discretion to grant or deny him parole. *See Ramirez v. Galaza*, 334 F.3d 850, 852, 858 (9th Cir. 2003) (finding habeas jurisdiction lacking in an action challenging parole procedures); *see also Dennison v. Waiawa Corr. Facility*, No. CV 16-00389 JMS/KJM, 2016 WL 4419283, at *3 (D. Haw. Aug. 16, 2016) (addressing HPA's discretion to deny parole under Haw. Rev. Stat. § 706-670(1) in civil rights action). Given the nature of these claims, the Court construes this action as brought under 42 U.S.C. § 1983, and DIRECTS the Clerk of Court to correct the docket to reflect this.

## II. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment IFP if he has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121. Once the district court identifies three cases that qualify as strikes, the prisoner has been put on notice as to what cases the court considered in denying IFP. *Id.* The prisoner then bears the burden of persuading the court that the prior dismissals did not qualify as strikes. *Id.*

Because Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g),[2] and has been notified many times regarding these strikes, he may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he is in imminent danger of serious physical injury.

### III.  THE IMMINENT DANGER EXCEPTION

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  It "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.

Grandinetti's allegation regarding the denial of counsel at an April 28, 2016 parole consideration proceeding does not support a finding that he was in imminent danger of serious physical injury when he filed this action.  Nor does anything else within the Complaint suggest that he was in such danger when he filed this action.

Further, Grandinetti has no federal or state-created due process right to parole, and therefore, he fails to state a cognizable claim for relief based on the denial of an attorney or other procedural problems at a parole consideration

---

[2]*See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LK (D. Haw. 2005).

Case 1:16-cv-00470-DKW-KJM   Document 4   Filed 09/02/16   Page 6 of 7   PageID #: 49

proceeding in which he refused to participate. *See Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981) (holding there is no constitutionally-protected interest in parole even after a parole date is set); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Dennison*, 2016 WL 4419283, at *3; *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. April 17, 2014) (recognizing that no state-created liberty interest in parole is created under Hawaii's parole regime, and collecting District of Hawaii cases); *Turner v. Haw. Paroling Auth.*, 93 Haw. 298, 302, 1 P.3d 768, 772 (2000); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992).

## IV. <u>CONCLUSION</u>

(1) The initial filing document is CONSTRUED as a prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983.

(2) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(3) This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) for Grandinetti's failure to concurrently pay the civil filing fee when he commenced this action.

(4)  The Clerk of Court is DIRECTED to identify this action on the docket as a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 and terminate this case.

IT IS SO ORDERED.

DATED: September 2, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Francis Grandinetti v. Edmund Hyun, et al.*; Civil No. 16-00470 DKW-KJM; **DISMISSAL ORDER**

*Grandinetti v. Hyun, et al.*, 1:16-cv-00470 DKW/KJM; 3 stks 2016 Grandinetti 16-470 (1983 not hab dny parole dsm)