IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS ANTHONY GRANDINETTI, II, #A0185087, | ) ) ) | CIV. NO. 16-00470 DKW/KJM |
| Plaintiff, | ) ) ) | ORDER DENYING MOTIONS FOR RECONSIDERATION OR INJUNCTIVE RELIEF |
| vs. | ) ) | |
| EDMUND HYUN, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING MOTIONS FOR RECONSIDERATION
OR INJUNCTIVE RELIEF**

The court dismissed this action on September 2, 2016, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff refiling his claims with concurrent payment of the filing fees. *See* ECF No. 4. Judgment entered that day. ECF No. 5. Plaintiff did not submit payment, file a notice of appeal, or seek reconsideration.

Plaintiff now seeks reconsideration and moves to "renew, continue, re-open, or supplement the facts" under Rules 52, 60, and 65 of the Federal Rules of Civil Procedure ("FRCP"). *See* ECF Nos. 6, 7. The court construes these documents as Motions for Reconsideration and/or for Injunctive Relief and DENIES the Motions.

# I. **LEGAL STANDARDS**

Rule 52(b) states in pertinent part:

**Amended or Additional Findings**.  On a party's motion filed *no later than 28 days after the entry of judgment*, the court may amend its findings – or make additional findings – and may amend the judgment accordingly.

(emphasis added).

Rule 60(b) "provides for reconsideration upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Motions for reconsideration are not a substitute for appeal and should be infrequently made and granted.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Tierney v. Abercrombie*, 2012 WL 4502454, at *2 (D. Haw. Sept. 28, 2012) (discussing "serial filing of frivolous motions for reconsideration").

Rule 65 discusses the court's authority to issue injunctive relief.  "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The standard for deciding requests for a temporary restraining order or preliminary injunction relief are the same and are

well established. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20); *see also Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).

## II. ANALYSIS

First, to the extent Plaintiff seeks relief under FRCP 52(b), he filed the Motions four months after this action was closed and they are untimely.

Second, to the extent plaintiff seeks reconsideration under FRCP 60, he presents no coherent, persuasive reason for the court to amend its judgment, make

additional findings, or reconsider its ruling to dismiss this case without prejudice for Plaintiff's failure to pay the civil filing fee when he filed the Complaint. That is, the five Medical Requests attached to the Motion do not show that Plaintiff was in imminent danger of serious physical injury when he filed the Complaint, requiring the grant of in forma pauperis status. *See* 28 U.S.C. § 1915(g). Further, Plaintiff submits no change in the controlling law, new evidence, or extraordinary circumstances justifying the need to correct a clear error or prevent manifest injustice or showing that the judgment is void. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (discussing when reconsideration is appropriate for a void judgment); *Hele Ku KB, LLC v. BAC Home Loans Servicing, LP*, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012) (requiring a litigant seeking reconsideration to (1) "demonstrate reasons why the court should reconsider its prior decision," or (2) "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.").

Third, neither Plaintiff's Motions nor exhibits show that there are serious questions going to the merits of his claims, the balance of hardships tips sharply towards issuance of a preliminary injunction, or "that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies*, 632 F.3d at 1134-35 (citing *Winter* test).

Plaintiff's Motions for Reconsideration or Injunctive Relief, ECF Nos. 6, 7, are DENIED.

IT IS SO ORDERED.

DATED: January 19, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---
Francis Grandinetti, II, v. Edmund Hyun, et al.; Civil No. 16-00470 DKW/KJM; **ORDER DENYING MOTION FOR RECONSIDERATION OR INJUNCTIVE RELIEF**

*Grandinetti v. Hyun, et al.*, 1:16-cv-00470 DKW/KJM; psa recon 2017 (FRCP 52, 60, 65);